# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

SPENCER E. BERRY,

    Plaintiff,

v.

HARRINGTON, et al.,

    Defendants.

Case No. 1:16-cv-00054-AWI-SKO (PC)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

**(Doc. 1)**

**THIRTY-DAY DEADLINE**

## INTRODUCTION

### A. Background

Plaintiff, Spencer E. Berry, a former state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Sacramento division of this Court. It was subsequently transferred to this court.

As discussed in greater detail below, Plaintiff fails to state a cognizable claim. However, since Plaintiff may be able to correct the defects in his pleading, he is granted leave to file a first amended complaint.

### B. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal,* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts

2

are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.  Plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief, *Johnson v. City of Shelby*, __ U.S. __, __, 135 S.Ct. 346, 347 (2014) (per curiam) (citation omitted).

If he chooses to file a first amended complaint, Plaintiff should endeavor to make it as concise as possible.  He should state which of his constitutional rights he feels were violated by each Defendant and its factual basis.  Plaintiff need not and should not cite legal authority for his claims in a second amended complaint.  His factual allegations are accepted as true and need not be bolstered by legal authority at the pleading stage.  If Plaintiff files a second amended complaint, his factual allegations will be screened under the legal standards and authorities stated in this order.

### 2.     Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted).  To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights.  *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

//

Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. However, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe*, 627 F.3d at 342.

## DISCUSSION

### A.  Plaintiff's Allegations[1]

Plaintiff complains of actions surrounding a disciplinary hearing regarding an incident that occurred while he was incarcerated at Kern Valley State Prison ("KVSP") which he alleges violated his right to due process under the Fourteenth Amendment.

Plaintiff names the following Defendants: California Department of Corrections and Rehabilitation Director ("CDCR") Director Harrington; Associate Warden A. Pineda; Chief Deputy Warden C. Pfeifer; Lieutenants Lesniak and P. Chanelo; and Chief Medical Officer Sherry Lopez.

Plaintiff alleges that, on October 19, 2013, he got into a fist fight with another inmate, Valenzuela, on the main recreational yard at KVSP. (Doc. 1, p. 8.)[2] Plaintiff and IM Valenzuela struck each other with closed fists in the facial and upper-body area. (*Id.*) IM Valenzuela told guards that he had been "elbowed playing basketball" earlier in the day. (*Id.*) Plaintiff was placed in the Administrative Segregation Unit ("ASU") and issued a Rules Violation Report Form 115 ("RVR") on November 1, 2013. (*Id.*, p. 9.) The issuing officer, Lt. Chanelo, asked Plaintiff if he wanted to postpone the disciplinary hearing pending the outcome of the prosecution referral to the District Attorney; Plaintiff responded in the affirmative. (*Id.*) Lt. Chanelo asked if Plaintiff

---

[1] Although Plaintiff's allegations refer to various exhibits, none were attached.
[2] All references to pages of specific documents pertain to those set forth on the upper-right corners as a result of the CM/ECF electronic court docketing system.

4

had any witnesses he wanted to call; Plaintiff responded he did not have any witnesses. (*Id.*)

On February 12, 2014, Plaintiff receive a report indicating that the District Attorney felt the case did not meet the criteria for legal action and should be handled administratively. (*Id.*) Non-Defendant Officer Duran was assigned as Plaintiff's investigative employee ("IE") and met with Plaintiff on March 14, 2014. (*Id.*, 10.) Plaintiff gave Officer Duran questions for IM Valenzuela as well as several officers. (*Id.*) IM Valenzuela confirmed that he had been elbowed before their altercation and the officers confirmed it was an incident of mutual combat. (*Id.*) Officer Duran met with Plaintiff on March 27, 2014, and gave Plaintiff a copy of an email correspondence with CMO Lopez in which Officer Duran asked CMO Lopez for documentation of any serious bodily injury ("SBI") on IM Valenzuela from their altercation. (*Id.*) In that email, CMO Lopez responded that IM Valenzuela sustained multiple facial fractures which required surgical repair at an outside hospital. (*Id.*)

The disciplinary hearing was held on April 4, 2014, before Lt. Lesniak. (*Id.*, pp. 10-11.) Lt. Lesniak did not allow Plaintiff to call CMO Lopez as a witness since Plaintiff did not request any witnesses on November 1, 2013, when the RVR issued. (*Id.*, p. 11.) Plaintiff argued that the email between Officer Duran and CMO Lopez was not proper evidence of SBI and is "suspect" as it did not have any "identifiable indicators that it is in fact an authentic 'E-mail' between" Officer Duran and CMO Lopez. (*Id.*) Plaintiff also asserted that that there was no way for him to have been able to identify either Officer Duran or CMO Lopez as witnesses he might want to call back on November 1, 2013, when the RVR issued as he had no knowledge of their contact until March 27, 2014. (*Id.*, pp. 11-12.) Lt. Lesniak found Plaintiff guilty of battery on an inmate with serious injury in violation of California Penal Code section 242 with serious injury as defined by 243(f)(4) of that same code. (*Id.*, p. 12.)

Plaintiff did not lose any good time credits, but lost five days of privileges, including yard and was referred to the Institutional Classification Committee ("ICC") for placement in the Security Housing Unit ("SHU"). (*Id.*) Plaintiff asserts that Lt. Lesniak did not have the authority to charge him with a Penal Code violation. (*Id.*) On May 1, 2014, Plaintiff appeared before the

5

1  ICC and was assessed a twenty-four month term in the SHU.  (*Id.*, pp. 12-13.)

2  Plaintiff filed an administrative appeal on April 22, 2014, requesting a new disciplinary hearing with definitive medical documentation showing that he inflicted SBI on IM Valenzuela. (*Id.*)  The medical documentation was noted as confidential, and CDW Pfeifer denied Plaintiff's appeal at the second level of review.  (*Id.*, p. 13.)  Plaintiff's appeal was also denied at the third level of review.  (*Id.*)

Plaintiff submitted requests to both CMO Lopez and the "Chief Medical Executive of KVSP" to ascertain the validity of the statements in the E-mail, but AW Pineda intercepted both of Plaintiff's requests.  (*Id.*, p. 14.)  AW Pineda met with Plaintiff at the door of his cell in what Plaintiff describes as "intimidation and coercive conversation," and told Plaintiff to stop attempting to contact CMO Lopez and responded to Plaintiff's requests with "non-answers and inane statements."  (*Id.*)

Plaintiff asserts that these actions violated his due process rights under the Fourteenth Amendment.  Although he has not stated any cognizable claims, Plaintiff may be able to correct the deficiencies in his pleadings.  He is, therefore, given the applicable legal standards and leave to file a first amended complaint.

**B.     Legal Standards**

**1.     Due Process -- Disciplinary Hearings**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  To state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  "States may under certain circumstances create liberty interests which are protected by the Due Process Clause."  *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Those who seek to invoke the procedural protections of the Due Process Clause must establish that a liberty interest is at stake.  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  The Due Process Clause itself confers no liberty interest in freedom from the SHU.  *Id.*  While a liberty interest in avoiding particular conditions of confinement may arise from state policies or regulations, the

6

touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement depends on the nature of those conditions themselves in relation to the ordinary incidents of prison life. *Wilkinson*, 545 U.S. at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995)) (quotation marks omitted); *Brown v. Oregon Dep't of Corr.*, 751 F.3d 983, 987 (9th Cir. 2014). Only those conditions which impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" give rise to a protected state-created liberty interest. *Wilkinson*, 545 U.S. at 222-23 (citing *Sandin*, 515 U.S. at 484) (internal quotation marks omitted); *Brown*, 751 F.3d at 987.

Plaintiff fails to state any allegations to show that the conditions in the SHU imposed an atypical and significant hardship in relation to the ordinary incidents of prison life. Further, although Plaintiff wanted to question CMO Lopez regarding IM Valenzuela's injuries from their altercation, confrontation and cross examination of witnesses are not generally required. *Wolf*, 418 U.S. at 567.

Further, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . ." *Hill*, 472 U.S. at 455; *see also Touissaint v. McCarthy*, 926 F.2d 800, 802-03 (9th Cir. 1991); *Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989); *Jancsek, III v. Oregon Bd. of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987); *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987); *Burnsworth v. Gunderson*, 179 F.3d 771, 774-74 (9th Cir. 1999). The relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . " as "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-57 (1985)(emphasis added). Plaintiff is not entitled to the same evidentiary protections at a prison disciplinary hearing as he would receive at a criminal trial. The email exchange between CMO Lopez and Officer Duran appears to constitute "some evidence" to support the finding that Plaintiff inflicted serious bodily injury on IM Valenzuela. An email, or even a note from the CMO or a physician, would suffice as "some evidence" of the injuries IM Valenzuela received during the altercation. Plaintiff appears to allege that he should

7

have been given copies of IM Valenzuela's medical records for use the hearing. He does not, however, provide any authority that these records would not have been protected as confidential and the Court has found none.

Plaintiff thus fails to state a cognizable claim for violation of his rights to due process under the Fourteenth Amendment.

### 2. Inmate Appeals

Plaintiff's allegations against CDW Pfeifer, and Director Harrington are based solely on rulings on the inmate appeal he filed regarding this disciplinary hearing. However, "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal generally cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996).

//

1  Plaintiff, therefore, fails to state a cognizable claim based on the processing and rulings on
2  his inmate appeals.

### 3.    Supervisory Liability

Plaintiff appears to have named Warden Pineda and Director Harrington as Defendants based on their supervisory positions. Under section 1983, however, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Liability by a supervisor for "knowledge and acquiescence" in subordinates' wrongful discriminatory acts is likewise not cognizable. *Id.* "In a § 1983 suit or a *Bivens* action -- where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

To state such a claim, a plaintiff must allege facts that show supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). An unconstitutional policy cannot be proved by a single incident "unless proof of the incident includes proof that it was caused by an existing, unconstitutional policy." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24, 105 S.Ct. 2427 (1985). A single incident establishes a "policy" only when the decision-maker has "final authority" to establish the policy in question. *Collins v. City of San Diego*, 841 F.2d 337, 341 (9th Cir. 1988), citing *Pembauer v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292 (1986).

Further, "discrete wrongs – for instance, beatings – by lower level Government actors . . . if true and if condoned by [supervisors] could be the basis for some inference of wrongful intent on [the supervisor's] part." *Iqbal*, 556 U.S. at 683. The Ninth Circuit has held that, where the

9

applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based on the supervisor's knowledge of and acquiescence in unconstitutional conduct by others. *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). A fundamental premise of this form of liability requires that the actions or inaction by subordinate staff amount to a cognizable claim for violation of a plaintiff's constitutional rights (which Plaintiff has not shown) and that the supervisorial defendant had knowledge of all such conduct.

Plaintiff has not alleged any facts indicating that Warden Pineda or Director Harrington knew of any violation of Plaintiff's constitutional rights and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen*, 885 F.2d at 646.

**ORDER**

For the reasons set forth above, Plaintiff's Complaint is dismissed with leave to file a first amended complaint within thirty (30) days. Any such first amended complaint shall not exceed **twenty-five (25) pages** in length, exclusive of exhibits. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty (30) days from the date of service of this order.

Plaintiff is reminded that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

//

//

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. Plaintiff's request for injunctive relief, filed March 7, 2016, is DENIED;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and
5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order, failure to prosecute, and for failure to state a claim.

IT IS SO ORDERED.

Dated:  **November 23, 2016**            /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE